UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELLINGTON CREDIT FUND, LTD., *et al.*,

                        Plaintiffs,

    -v-

SELECT PORTFOLIO SERVICES, INC., *et al.*,

                       Defendants.

No. 08 Civ. 2437 (RJS)

<u>ORDER</u>

---

<u>RICHARD J. SULLIVAN</u>, District Judge:

        Defendants Select Portfolio Services, Inc. ("SPS"), Manufacturers and Traders Trust

Company ("M&T"), MBIA Insurance Corporation ("MBIA"), Mountain West Realty Corp.

("Mountain West"), Residential Real Estate Service, Inc. ("Residential"), Alta Real Estate Services,

Inc. ("Alta"), and Pelatis Insurance Agency Corp. ("Pelatis") (collectively, "Defendants") move this

Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a stay of discovery pending

the Court's consideration of Defendants' motions to dismiss pursuant to Rule 12(b)(6).  Plaintiffs

Ellington Credit Fund, Ltd., and ECF Special Securities, LLC (collectively, "Plaintiffs") oppose this

request.  For the following reasons, Defendants' motion is granted.

## I.  BACKGROUND

        This lawsuit arises out of Plaintiffs' investment in pooled and securitized loans held in trust

by M&T, insured by MBIA, and serviced by SPS.  (Amended Complaint ¶¶ 17, 20, 31, 34, 35, 51.)

These securitizations are governed by trust agreements known as "Pooling and Servicing

Agreements" ("PSAs").  (Am. Compl. ¶ 14.)  Plaintiffs claim that Defendants violated the PSAs by

improperly servicing the loans, thus improperly enriching Mountain West, Residential, Alta, and

Pelatis, to Plaintiffs' detriment. (Am. Compl. ¶ 35.) Plaintiffs further allege that M&T and MBIA failed to fulfill their duties as trustee and insurer, respectively. (Am. Compl. ¶ 51.) Plaintiffs' complaint brings nineteen claims for relief, alleging breach of contract, breach of duty to disclose, breach of fiduciary duty, unjust enrichment, fraud, negligent misrepresentation, conversion, and breach of the duty of good faith and fair dealing. (Am. Compl. ¶¶ 97-156.)

The complaint was filed in state court in Texas on April 17, 2007. On May 30, 2007, Defendants removed the case to the United States District Court for the Western District of Texas on the basis of diversity jurisdiction. On June 13, 2007, Defendants filed three separate motions, each of which sought to dismiss the case or, in the alternative, to transfer the case to the United States District Court for the Southern District of New York. The motions for change of venue were granted and on March 11, 2008, the case was transferred to this Court. Still pending before this Court are Defendants' motions to dismiss the complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants argue that Plaintiffs have failed to comply with the conditions precedent to filing a lawsuit found in each of the PSAs at issue in this case and that accordingly, the case should be dismissed under Rule 12(b)(1) and/or Rule 12(b)(2). (*See* M&T Mem. of Law at 6; SPS Mem. of Law at 7; MBIA Mem. of Law at 18.) Defendants further submit that Plaintiffs lack standing to bring this lawsuit as to certain of the Trusts. (*Id*.) Finally, Defendants contend that Plaintiffs are two hedge funds, and to the extent Plaintiffs have any interest in the Trusts, Plaintiffs purchased such interest as part of the ContiFinancial bankruptcy proceeding in or about 2004 with full knowledge and awareness of the risks involved in their investment; that Plaintiffs' claims are barred in whole or in part by res judicata; that Plaintiffs are estopped by their own conduct to assert their claims; that

2

Plaintiffs seek to impose duties upon Defendants beyond those in the PSA or related agreements; that Defendants do not owe any fiduciary duty to Plaintiffs; and that Defendants did not cause any alleged damages to Plaintiffs. (*See generally* Def.s' Mems. of Law.)

At a status conference on May 9, 2008, Defendants moved to stay discovery pending the resolution of the motions to dismiss the case. Defendants and Plaintiffs each submitted supplemental letter briefs in support of the motion to stay discovery on May 16, 2008.

## II. DISCUSSION

Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may, in its discretion, stay discovery "for good cause." The pendency of a dispositive motion is not, in itself, an automatic ground for a stay. *See Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (collecting cases). Rather, a court determining whether to grant a stay of discovery pending a motion must look to "the particular circumstances and posture of each case." *Hachette Distrib., Inc. v. Hudson County News Co. Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

"Good cause may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order." *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 U.S. Dist. LEXIS 12776, at *5-6 (S.D.N.Y. Feb. 15, 2007); *accord Spencer Trask Software*, 206 F.R.D. at 368; *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120 (LMM) (AJP), 1996 U.S. Dist. LEXIS 2684, at *6 (S.D.N.Y. Mar. 7, 1996) (collecting cases). "Two related factors a court may consider in deciding a motion for a restriction or stay of discovery are the breadth of discovery sought and the burden of responding to it." *Niv*, 2007 U.S. Dist. LEXIS, at *6-7; *see Anti-Monopoly, Inc.*, 1996 U.S. Dist. LEXIS 2684, at *6-7. A court should also consider the strength of the dispositive motion that is the basis of the

3

application. *See Niv*, 2007 U.S. Dist. LEXIS, at \*6-7; *Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 U.S. Dist. LEXIS 17885, at \*12 (S.D.N.Y. Dec. 14, 1994) (observing that stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law"). Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion, and the posture or stage of the litigation. *See Chesney v. Valley Stream Union Free School Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In short, courts have broad discretion to consider a number of factors in determining whether discovery should be stayed during the pendency of a dispositive motion.

Here, the Court concludes that Defendants have shown good cause for their proposed stay of discovery. First, there are pending, fully-briefed, potentially dispositive motions in this action. Second, the proposed length of the stay is limited to the time required for the Court to decide the motions. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Rivera v. Heyman*, No. 96 Civ. 4489 (PKL), 1997 U.S. Dist. LEXIS 15524, at \*1 (S.D.N.Y. Feb. 27, 1997).

Third, the Court finds that Plaintiffs have failed to show that they would be prejudiced by a stay of discovery. *See Niv*, 2007 U.S. Dist. LEXIS 12776, at \*8-9 (holding that "[t]o presume that an order made pursuant to Rule 26(c) would result in prejudice to the non-moving party would be to significantly restrict the effectiveness of Rule 26(c)" and noting that "the Court is not inclined to view delay intentionally caused by its order as unreasonable"). Indeed, the delays to date in this matter are largely attributable to Plaintiffs' own decision to commence this action in Texas state court, which resulted in removal to federal court and subsequent transfer to this court on venue

grounds. Clearly, such delays cannot be blamed on Defendants and cannot be deemed to constitute prejudice in this context. Moreover, Plaintiffs have not disputed Defendants' representation to the Court that all of the documents in this matter are being preserved. (Transcript of May 9, 2008 Conference at 25:22-23. ("Tr.")). Thus, it cannot be said that a limited stay of discovery will result in the destruction or loss of relevant evidence. *See Union v. Travelers Indem. Co.*, No. 89-CV-573, 1991 U.S. Dist. LEXIS 5652, at *9 (N.D.N.Y Apr. 25, 1991) (holding that where stay of discovery may prevent defendants from establishing facts essential to defense, prejudice is established). Finally, even if the Court were to credit Plaintiffs' argument that "[d]iscovery of the amount and pervasiveness of SPS's practices is urgent to prevent the further erosion of the limited-fund value of the Uncalled Securitizations" (Pl.'s Letter of May 16, 2008, at 2), the Court concludes that such prejudice to Plaintiffs would be outweighed by the other factors described in this Order.

Fourth, in considering the breadth of discovery sought and the burden of responding to it, the Court is persuaded that the discovery at issue in this case is substantial and would unduly burden Defendants at this stage of the proceeding. Plaintiffs have served discovery requests seeking all available documents for each individual loan within the 21 securitizations at issue. Defendants SPS, Mountain West, Residential, Alta, and Pelatis assert that there are thirty-seven million documents at issue. (*See* SPS Letter dated May 16, 2008, at 1.) In addition, those Defendants note that many of the documents sought would be protected by federal and state privacy laws, the attorney-client privilege, or other applicable privileges. (*Id*. at 2.) Accordingly, there is likely to be significant motion practice regarding the scope and extent of disclosure. (*Id*.) Defendant MBIA submits that even if discovery requests are narrowed, the process of locating, compiling, organizing, and reviewing the relevant documents could take several months. (*See* MBIA Letter dated May 16, 2008,

5

at 3.)  Defendant M&T submits that reviewing the relevant documents and converting electronic information into usable formats would take several months of work at a cost that M&T estimates to be well in excess of $100,000.00.  (*See* M&T Letter dated May 16, 2008, at 1.)  Plaintiffs have not disputed these estimates, which weigh heavily in favor of a limited stay of discovery pending resolution of the motions to dismiss.

Fifth, the Court finds that the strength of the underlying motion further favors a stay. Specifically, Defendants argue *inter alia* that Plaintiffs' claims should be dismissed because (1) Plaintiffs lack standing to pursue their claims, or (2) Plaintiffs have failed to comply with the pre-suit demand requirements of the PSAs under which Plaintiffs purport to sue.  Without prejudging the merits of the motion to dismiss, the Court finds that these arguments are potentially dispositive and sufficiently substantial to support a stay of discovery.  *See, e.g., Niv*, 2007 U.S. Dist. LEXIS 12776, at *7 (granting motion for stay where dispositive motion "appears not to be unfounded in the law"); *Gandler*, 1994 U.S. Dist. LEXIS 17885, at *12 (observing that a stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law"); *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991) (noting that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion "appear[s] to have substantial grounds" or, stated another way, "does not appear to be without foundation in law").[1]

---

[1]Plaintiffs argue that under *State Farm Mut. Auto Ins. Co. v. Accurate Med., P.C.*, No. CV-2007-0051 (ENV) (MDG), 2007 U.S. Dist. LEXIS 74459, at *3 (E.D.N.Y. Oct. 4, 2007), to justify a stay of discovery, Defendants must make a "strong showing" that the Plaintiffs' claim is unmeritorious, and must show that no count of Plaintiffs' complaint can survive a motion to dismiss.  (Pl.'s Letter dated May 16, 2008, at 3 (citing *State Farm*, 2007 U.S. Dist. LEXIS 74459, at *4).)  The *State Farm* decision, written by a Magistrate Judge in the Eastern District of New York, is not controlling on this Court.  *See Firemen's Ins. Co. v. Keating*, 753 F. Supp. 1146,

Finally, the Court may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation. *See Chesney*, 236 F.R.D. at 115. Here, the action is both complex and novel. (*See* Tr. 16:15-20 (Plaintiffs concede that the securitizations that underlie the action are "relatively new creatures" and "have not been litigated to the extent that other kinds of agreements have been.")). Moreover, all of the defendants have joined in the request for the stay, and, as noted above, the litigation is at a preliminary stage.

## III. CONCLUSION

Having carefully reviewed the submissions of the parties, the relevant case law, and the underlying motions to dismiss, the Court, in its discretion, grants Defendants' request for a stay of discovery during the pendency of the motions to dismiss.[2]


SO ORDERED.


Dated:      June 11, 2008
            New York, New York

                                    _____
                                    RICHARD J. SULLIVAN
                                    UNITED STATES DISTRICT JUDGE


------------------------

1156 (S.D.N.Y. 1990) ("[T]he decision of one district does not control the decision of another district court."). To the extent that *State Farm* is inconsistent with the weight of the authority in the Southern District of New York, as cited above, this Court declines to follow it.

[2] To the extent that Plaintiffs may have a legal claim to certain documents as "owners" of the documents (Pl.'s Letter of May 16, 2008, at 2), such claim is outside of the scope of this order and the Court takes no position as to its merits.