USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/3/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLINGTON CREDIT FUND, LTD., *et al.*,

Plaintiffs,

-v-

SELECT PORTFOLIO SERVICES, INC., *et al.*,

Defendants.

No. 08 Civ. 2437 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On March 11, 2008, the above-captioned matter was transferred to this District from the Western District of Texas. By Order dated June 12, 2008, the Court granted Defendants' request for a stay of discovery until their pending motions to dismiss are resolved. (Doc. No. 20 (the "Discovery Stay Order").) On December, 31, 2008, more than six months after the discovery stay was entered, Plaintiffs filed a "Motion To Reconsider Order Staying Discovery." (Doc. No. 23.) The submission requests that the discovery stay be lifted, and that the Court enter a "preservation order."

On January 6, 2009, the Court noted that Plaintiffs' motion for reconsideration was untimely under Local Rule 6.3, but converted the application to a motion to lift the pending discovery stay. (Doc. No. 26.) Defendants responded in opposition to the motion on January 23, 2009. (Doc. Nos. 27-30.) Based on these submissions, for the reasons set forth below, Plaintiffs' motion is DENIED.

Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may, in its discretion, stay discovery "for good cause." Factors relevant to a court's determination of "good cause" include: the pendency of dispositive motions, potential prejudice to the party opposing the stay, the breadth of discovery sought, and the burden that would be imposed on the parties responding to the proposed

discovery. *See Niv. v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120 (LMM) (AJP), 1996 WL 101277, at *2-4 (S.D.N.Y. Mar. 7, 1996). In the Discovery Stay Order, the Court found that a stay of discovery was appropriate under Rule 26(c) because Defendants had demonstrated that "good cause" existed based on these factors. Particularly relevant here are the Court's previous findings that: (1) Plaintiffs had not shown that they would be prejudiced by the entry of a stay; (2) Plaintiffs did not dispute Defendants' representation to the Court that all documents relating to this matter were being preserved; and (3) Plaintiffs had requested broad discovery that would impose an undue burden on Defendants. (Discovery Stay Order at 4-5.)

In the instant motion, Plaintiffs ask the Court to revisit its finding that they would not be prejudiced by the discovery stay. Indeed, they assert that they "have *already been prejudiced*" by the "confessed destruction of electronic evidence in native format" by Defendant Select Portfolio Servicing, Inc. ("SPS"). (Pls.' Mem. ¶ 1 (emphasis added).) The basis for that contention appears to be Plaintiffs' allegation that "Base Liquidation Reports" maintained by SPS "are no longer available in native format due to systematic purges of Defendant SPS's computer systems . . . ." (*Id.* ¶ 10.) Put simply, Plaintiffs' assertions are unpersuasive.

In opposition to the instant motion, SPS provided an affidavit from Joseph Arico, SPS' Vice President of Data Conversion and Corporate Advance Control, stating that a litigation hold was imposed at SPS when this action was commenced. (Arico Aff. ¶ 5.) The Arico Affidavit states further that, as a result of the litigation hold, the "regular document retention policy has not been applied to the documents and files relating to the loans at issue in this case," (*id.* ¶ 5), and that no relevant files — including Base Liquidation Reports — have been destroyed (*id.* ¶ 9). Plaintiffs have

not challenged the representations in the Arico Affidavit, and they point to no specific circumstances to support a finding that documents have, in fact, been destroyed.

Based on Defendants' representations, and absent any evidence to the contrary, the Court is satisfied that Defendants are fully aware of their obligation to preserve documents relevant to this matter, as well as the risks associated with failing to do so. Therefore, Plaintiffs have not demonstrated that they "have already been prejudiced" — or that they are likely to be prejudiced in the future — by the discovery stay. Accordingly, the discovery stay imposed in the Court's June 12, 2008 Order will remain in place.

Plaintiffs' application for a preservation order is likewise defective. Although the motion states that "'it has become routine to order the preservation of evidence prior to the beginning of the discovery period . . . ,'" (Pls.' Mem. ¶ 6 (quoting *Capricon Power Co. v. Seimens Westinghouse Power Corp.*, 220 F.R.D. 429, 434 n.2 (W.D. Pa. 2004)), Plaintiffs have not proposed any terms, time frame, or scope for the order. Under the circumstances of this case, a preservation order is unwarranted.

*Treppel v. Biovail Corp.*, 233 F.R.D. 363 (S.D.N.Y. 2006), cited by Plaintiffs, is inapposite. In *Treppel*, the court *declined* to enter a preservation order because there was no ambiguity regarding the defendants' document retention obligations, and "the plaintiff ha[d] not demonstrated that any documents ha[d] in fact been destroyed." *Id.* at 372. Just so here. Moreover, as in *Treppel*, Plaintiffs have "provided no information with respect to the extent of the burden that would be imposed on" Defendants. *Id.* Therefore, the Court declines to enter a preservation order at this time.

Accordingly, for the foregoing reasons, Plaintiffs' December 31, 2008 motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motion docketed as document number 23.

SO ORDERED.

Dated: February 3, 2009
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE